## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THOMAS P. LALLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 10-CV-5011 |
| ) | |
| CITY OF CHICAGO, *et al.*, ) | Judge Robert M. Dow, Jr. |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas P. Lally ("Plaintiff") filed this 42 U.S.C. § 1983 action against various employees of the Chicago Police Department (collectively, "Defendants"). Plaintiff alleges that Defendants falsely arrested and imprisoned him, attempted to cover up their unlawful actions, and intentionally caused him emotional distress, in violation of his First, Fourth and Fourteenth Amendment rights. Plaintiff's first amended complaint [12] adds Officer Gonzalez as a defendant in place of the originally named "Jane Doe." Before the Court is Gonzalez's motion to dismiss [21] Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the amendment is time-barred. Also before the Court is Plaintiff's motion [24] for leave to file a second amended complaint that names Sergeant Kaupert as a defendant in place of the originally named "Sergeant Crawford." For the reasons stated below, the Court grants Defendant Gonzalez's motion to dismiss [21] and grants Plaintiff's motion for leave to file a second amended complaint [24] naming Sergeant Kaupert as a defendant.

**I.   Background[1]**

On August 15, 2008, Plaintiff, a battalion chief of the Chicago Fire Department, was supervising a response to a fire. Plaintiff requested that Defendant police officers Ramos and Gonzalez, who were on the scene of the fire, provide a report number to document the property damage that the fire caused. Ramos and Gonzalez refused to provide the report number, so Plaintiff was forced to radio for help from a police supervisor. The police supervisor, Sergeant Kaupert, soon arrived, but instead of directing Ramos and Gonzalez to prepare the report, Kaupert, Ramos, and Gonzalez publically belittled Plaintiff. When Plaintiff threatened to report this behavior, Kaupert ordered Plaintiff to be arrested. Defendant Officer Norberg and another male officer handcuffed Plaintiff and transported him from the scene of the fire to Police District 17 in a squad car. In the car and at the station, Defendant Officer Norberg continually insulted Plaintiff.

After being held in custody for approximately one hour, Defendant Gale, the acting watch commander, informed Plaintiff that he would not be charged as he had committed no offense. Gale urged Plaintiff to lie about the incident, suggesting that Plaintiff file a report stating that he had voluntarily gone to the station as part of the fire investigation. While driving Plaintiff back to the fire scene, Gale urged Plaintiff to participate in a cover-up and offered to purchase alcohol for him in exchange. Plaintiff refused these offers. The following morning, Plaintiff received a police report from Gale, prepared by defendants Ramos and Gonzalez, which falsely indicated that the property damage caused by the fire was minimal and that Plaintiff's presence in the District 17 station was voluntary.

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in Plaintiff's second amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

Nearly two years later, on August 10, 2010, Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights by named individual defendants Ramos, Norberg, Gale, John Doe, Jane Doe, and a "Sergeant Crawford." Plaintiff alleged that "Jane Doe" was the officer working with Ramos from whom Plaintiff originally requested the property damage report. Plaintiff alleged that "Sergeant Crawford" was the police supervisor whom Plaintiff summoned to the scene after Ramos and "Jane Doe" refused to prepare the property damage report. Plaintiff subsequently attempted to serve defendants through the Chicago Police Department. The Department was unable to serve Jane Doe and Sergeant Crawford, so on August 28 – more than one week after the two-year anniversary of the incident – Plaintiff provided the "star" (or badge) numbers of both officers and indicated that "'C. Gonzalez' on the [original police] report [for the incident] is likely the 'Jane Doe' identified in the Complaint." [32, at 10.]

On October 27, 2010, Plaintiff filed a first amended complaint [12], changing defendant "Jane Doe" to "Officer Gonzalez." Plaintiff claimed that at the time the original complaint was filed, he was unsure of Officer Gonzalez's name, and thus referred to her as "Jane Doe." Defendants have moved to dismiss Plaintiff's claim against Officer Gonzalez, arguing that the amendment is barred by the two-year statute of limitations applicable to Plaintiff's § 1983 claims. [21.]

On January 12, 2011, Plaintiff filed a motion for leave to file a second amended complaint [24], pursuant to Rule 15(c), that changes the name of defendant "Sergeant Crawford" to "Sergeant Kaupert." Plaintiff claims that Kaupert was not wearing a name tag at the time of the incident and that when Plaintiff twice asked Kaupert his name in the midst of the altercation, Plaintiff misheard the response to be "Crawford" rather than "Kaupert." Plaintiff discovered the

correct spelling through Defendants' Rule 26 disclosures. Defendants argue that Plaintiff should be denied leave to file the second amended complaint because the amendment is beyond the two-year limitations period and thus time-barred.

II.  **Legal Standards on a Motion to Dismiss and Motion for Leave to File an Amended Complaint**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

A plaintiff's failure to adhere to a statute of limitations is an affirmative defense and therefore generally is not amenable to dismissal under Rule 12(b)(6) at the complaint stage. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). However, dismissal under Rule 12(b)(6) is appropriate when a plaintiff pleads himself out of court by establishing that a defendant is entitled to a limitation's defense. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009) (dismissal appropriate where it is "clear from the face of the amended complaint that it [was] hopelessly time-barred"); *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.2d 623, 626 (7th Cir. 2003) ("A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense").

Federal Rule of Civil Procedure 15(a) instructs a district court to freely grant parties leave to amend when justice so requires. Fed. R. Civ. P. 15(a); see also *Sound of Music Co v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)). A district court may deny a motion for leave to amend, however, if the amendment would be futile. *Sound of Music Co.*, 477 F.3d at 922. A new claim is considered futile if it would not withstand a Rule 12(b)(6) motion to dismiss. See *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974-975 (7th Cir. 2001). For instance, if a proposed amended complaint is filed after the period of limitations has run, and does not relate back to the date of the original complaint pursuant to the requirements of Rule 15(c), the amended complaint would be time-barred and could not, as a matter of law, withstand a motion to dismiss. *Id.* A court may then deny the motion for leave to amend as futile. *Id.*

Rule 15(c)(1) allows amendment to a pleading that would otherwise be time-barred when:

> (A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or

(C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

    (i) Received such notice of the action that it will not be prejudiced in defending on the merits; and

    (ii) Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity relates back to the date of the original pleading.

FED. R. CIV. P. 15(c)(1). The Seventh Circuit has long interpreted Rule 15(c)(1) "to permit an amendment to relate back to the original complaint only where 'there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.'" *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). The "mistake" requirement of the relation-back rule is not satisfied by a mere lack of knowledge of the proper defendant; the plaintiff must have actually erred in naming the proper defendant. *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); see also *Baskin*, 138 F.3d at 704. Establishing the existence of a mistake is a threshold requirement in a 15(c)(1) inquiry, and is independent of the determination of whether the party to be brought in had knowledge of the action. *King*, 201 F.3d at 914 (citing *Baskin*, 138 F.3d at 704; *Worthington*, 8 F.3d at 1257; *Wood*, 618 F.2d at 1230). "[I]n the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin*, 138 F.3d at 704 (citing *Wood*, 618 F.2d at 1230).

**III.    Analysis**

Both Defendant's motion to dismiss the § 1983 claims against Officer Gonzalez [21] and Plaintiff's motion for leave to file a second amended complaint asserting § 1983 claims against Officer Kaupert [24] raise statute of limitations questions. The statute of limitations for claims filed under 42 U.S.C. § 1983 is the same as the forum state's statute of limitations period for personal injury claims. See *Wilson v. Garcia*, 471 U.S. 261, 276 (1938). Illinois statute sets forth a limitations period of two years for personal injury claims. 735 ILCS 5/13-202. Thus, the statute of limitations for personal injury actions filed under § 1983 in Illinois is also two years. See *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Amended suits, which add new parties after the two-year period has expired, are untimely and will be dismissed unless they relate back to the original complaint, as required by Rule 15(c), or the running of the statute of limitations is tolled. See, *e.g.*, *Donald v. Cook County Sheriff's Dep't,* 95 F.3d 548, 561-62 (7th Cir. 1996).

**A.    Defendant's Motion to Dismiss Plaintiff's First Amended Complaint**

Defendant Gonzalez seeks dismissal of Plaintiff's claims against her because she was not named as a defendant until October 27, 2010 – more than two months after the two-year statute of limitations on Plaintiff's § 1983 claim had expired. Plaintiff concedes that his first amended complaint was filed after the statute of limitations expired. However, Plaintiff argues that the first amended complaint meets the relation-back requirements of Rule 15(c). Specifically, Plaintiff alleges that he actually erred in omitting Officer Gonzalez in the original complaint. Plaintiff also contends that but for the mistake, Gonzalez knew or should have known that she would have been brought in as a party to Plaintiff's suit, as Gonzalez was served within the 120-day period set forth in Rule 4(m) and referenced in Rule 15(c)(1)(C). Accordingly, Plaintiff

contends that the claims asserted against Gonzalez in the first amended complaint relate back to the original complaint and are not time-barred.

Defendant argues that Plaintiff cannot satisfy the Rule 15(c) relation back requirements so as to overcome the statute of limitations because Plaintiff's failure to identify Officer Gonzalez by name in the original complaint does not meet the requirements of a "mistake" under Rule 15(c)(1). Defendant relies on *Worthington v. Wilson* in support of her argument. 8 F.3d at 1256. The plaintiff in *Worthington* initially brought a § 1983 claim against "unknown police officers." *Id.* at 1254. The plaintiff later attempted to amend his complaint to change the unknown officers to Officers Wilson and Wall after the statute of limitations had run, pursuant to Rule 15(c). *Id.* at 1255. The court held that "[b]ecause Worthington's failure to name Wilson and Wall was due to a lack of knowledge as to their identity, and not a mistake in their names, Worthington was prevented from availing himself of the relation back doctrine of Rule 15(c)." *Id.* at 1257; see also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (holding that "a plaintiff [who] names a fictitious defendant like 'John Doe' because he does not know who harmed him * * * has not made a 'mistake' concerning 'identity' within the meaning of rule 15(c)(3)"); *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) (holding that "[n]ot knowing a defendant's name is not a mistake under Rule 15"). Defendant argues that, as in *Worthington*, Plaintiff's naming of "Jane Doe" in his original complaint is due simply to Plaintiff's lack of awareness of Gonzalez's name. Defendant urges the Court to conclude, as did the court in *Worthington*, that the lack of knowledge as to Gonzalez's identity does not constitute a "mistake" under Rule 15(c).

Plaintiff acknowledges that he received a police report from the incident that clearly stated Officer Gonzalez's name and "star" or badge number, along with the name and star

number of Officer Ramos. Plaintiff protests that the report did not specify what role Gonzalez played in the incident and states that he did not associate the name in the report with the officer at the scene because the officer did not "appear to plaintiff to be Hispanic." [32, at 10.] Plaintiff nonetheless admits that he was in possession of Gonzalez's name and star number within the limitations period, and suspected that Gonzalez was "Jane Doe" at least as early as August 28 (almost two months before filing the first amended complaint).

Plaintiff's naming of "Jane Doe" instead of "Officer Gonzalez" does not constitute a "mistake" under Rule 15(c). Plaintiff had sufficient information at the time that his original complaint was filed to have named Gonzalez in place of "Jane Doe;" that he did not do is attributable not to an error in identifying Gonzalez but to a lack of knowledge. Moreover, the record indicates that, later in the same month that he filed his original complaint, Plaintiff indicated in correspondence with the Chicago Police Department that he suspected that Gonzalez was Jane Doe. Yet, Plaintiff did not file an amended complaint naming Gonzalez as a defendant until nearly ten weeks after the limitations period expired. The Seventh Circuit has made abundantly clear that this type of error in naming a defendant does not once constitute a "mistake" under Rule 15(c). See *Worthington*, 8 F.3d at 1257; *Hall*, 469 F.3d at 595; *Jackson*, 541 F.3d at 696. Plaintiff's claims against Officer Gonzalez in his first amended complaint are thus time-barred, and the Court grants Defendant's motion to dismiss [21] those claims.[2]

---

[2] Because the threshold requirement of "mistake" has not been satisfied, it is irrelevant that Plaintiff may have put Gonzalez on notice of the suit within the 120-day period under Rule 4(m). See *Baskin*, 138 F.3d at 704 (holding that where a court concludes that no mistake has been made, "it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him" (citing *Wood*, 618 F.2d at 1230)); *King*, 201 F.3d at 914 (holding that mistake is a threshold requirement independent of the determination of whether the defendant to be brought in knew of the action); see also *Hall*, 469 F.3d at 568-69 (denying motion to amend complaint under Rule 15(c) – although parties agreed that the defendant that plaintiff sought to bring in had notice of plaintiff's suit within the 4(m) period – after concluding that no mistake had been made in plaintiff's failure to name the defendant in the original suit).

**B.  Plaintiff's Motion for Leave to File a Second Amended Complaint**

Plaintiff's proposed second amended complaint seeks to replace named defendant "Sergeant Crawford" with "Sergeant Kaupert." Plaintiff concedes that the proposed complaint falls outside the two-year limitations period applicable to § 1983 claims. However, Plaintiff argues that the Court should nonetheless grant his motion under the Illinois misnomer statute, 735 ILCS 5/2-401(b), or, alternatively, because the amendment meets the requirements of Rule 15(c).

In § 1983 actions, "provisions regulating both 'tolling and application' come from state law." *Diaz v. Shallbetter*, 984 F.2d 850, 854-55 (7th Cir. 1993) (citing *Wilson v. Garcia*, 471 U.S. 261, 269 (1985)). The Seventh Circuit has held that "application" refers to "subjects such as whether the complaint must spell the defendant's name correctly." *Id.* at 855. The Court thus looks to the Illinois misnomer statute to assess whether Plaintiff may amend his complaint to assert § 1983 claims against Sergeant Kaupert instead of "Sergeant Crawford."

The misnomer statute states that "misnomer of a party is not a ground of dismissal, but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 745 ILCS 5/2-401(b). A misnomer occurs when the plaintiff sues and serves summons upon the correct party, but calls the party by the wrong name. *Thielke v. Osman Construction Corp,* 473 N.E.2d 574, 576 (Ill. App. Ct. 1st Dist. 1985). Thus, the misnomer statute applies only "when the right defendant has been sued by the wrong name, not when the wrong defendant has been sued." *Arendt v. Vetta Sports, Inc.*, 99 F.3d 231, 234 (7th Cir. 1996). If the wrong defendant has been sued, the plaintiff has made a "mistake," not a misnomer, and the misnomer statute does not apply. *Id.*

In distinguishing cases of misnomer from those of mistaken identity, courts rely on objective manifestations in the record of whom the plaintiff the intended to sue. *Arendt*, 99 F.3d at 234 (citing *Schryver v. Eriksen*, 627 N.E.2d 291, 292 (Ill. App. Ct. 1st Dist. 1993); *Clinton v. Avello*, 434 N.E.2d 355, 356 (Ill. App. Ct. 1st Dist. 1982)). Such objective manifestations may include: the party named in the complaint, correspondence with the intended party, or whether service was effected at the residence of the intended party. *Arendt*, 99 F.3d. at 235 (citing *Schaifer v. Folino*, 650 N.E.2d 594, 598-99 (Ill. App. Ct. 1st Dist. 1995)). Courts have found that evidence that the misnamed defendant does not exist to be particularly persuasive in showing that the plaintiff misidentified the correct party (misnomer) rather than identified the incorrect party (mistake). *Id.* (citing *Clinton*, 434 N.E.2d at356); *Ashley v. Hill,* 427 N.E.2d 1319 (Ill. App. Ct. 2d Dist. 1981). For example, the plaintiff in *Diaz v. Shallbetter* filed a § 1983 suit against John Shullbetter on the last day of the limitations period. 984 F.2d at 851. No John Shullbetter existed, and attempts to serve process on that individual were unsuccessful. *Id.* The plaintiff later sought to amend his complaint to change the defendant to Dennis Shallbetter. *Id.* at 852. Because of the error, Shallbetter did not receive timely notice of the complaint, and only received the amended complaint 34 days after the original complaint was filed (and so, 34 days after the limitations period had expired). *Id*. The Seventh Circuit held that Illinois's misnomer statute applied and that the plaintiff's amendment of the complaint was permissible under the statute. *Id.* at 853. "Treating the change – from *John* Sh*u*llbetter to *Dennis* Sh*a*llbetter – as correction of a scrivener's error would be problematic if Chicago's police force had both a Shullbetter and a Shallbetter, or if it had a John Shallbetter and a Dennis Shallbetter. It does not. The identity of the person Diaz meant to sue would have been apparent to anyone with a directory of the police force, and to Officer Shallbetter himself." *Id.* (emphasis original).

Here, the objective evidence manifests Plaintiff's intent to sue Sergeant Kaupert rather than Sergeant Crawford. First, because Sergeant Kaupert was not wearing a nameplate, Plaintiff twice asked him his name and understood his response to be "Crawford." Second, the "Sergeant Crawford" whom Plaintiff named in his original complaint does not exist in the 17th District of the Chicago Police Department. Third, when the Chicago Police Department informed Plaintiff that it could not serve Sergeant Crawford because he did not exist, Plaintiff provided the Department with Officer Kaupert's star number. Together, the evidence indicates that Officer Kaupert is the real party in interest the party whom Plaintiff intended to and believed he had named in the original complaint. See *Barbour v. Fred Berglund & Sons, Inc.*, 567 N.E.2d 509, 511 (Ill. App. Ct. 1st Dist. 1990) (holding that "[t]he test in deciding whether the misnomer statute applies is whether the party sued is the real party in interest"); *cf. Ashley v. Hill*, 427 N.E.2d 1319, 1321 (Ill. App. Ct. 2d Dist. 1981) (holding that plaintiff's suit against Paul Jovanvic, the deceased father of Nestor Jovanovic, was a case of mistaken identity, not misnomer, even though plaintiff had intended to sue Nestor). In view of this evidence, the Court concludes that Plaintiff's error in bringing suit against Sergeant Crawford instead of Sergeant Kaupert is "a classic misnomer" more typical of a scrivener's error – albeit one slightly less obvious than that at issue in *Diaz* – than a mistake of identity. See *Diaz*, 984 F.2d at 854.

As Defendant points out, "[t]he rule that misnomer is not a ground for dismissal is a narrow one, and applies only where an action is brought *and summons is served* upon a party intended to be made a defendant." *Barbour*, 567 N.E.2d at 511 (emphasis added). The court in *Barbour* stated that where the misnomer statute applies, "service of summons after the expiration of the statute of limitations does not bar the suit, provided that the plaintiff *used reasonable diligence* in obtaining service upon the proper defendant." *Id.* at 512 (emphasis added). Here,

the Court concludes that Plaintiff met the reasonable diligence requirement in attempting to serve Sergeant Kaupert. After Plaintiff filed the original complaint, he attempted to serve the defendant officers, including "Officer Crawford," through the Chicago Police Department. This service was unsuccessful. On August 28, 2010, well within the period of time provided by Rule 4(m) for serving summons, Plaintiff provided the Department with Officer Kaupert's star number, identifying it as the number of "Officer Crawford." Because star numbers are unique identifiers, this service should have been sufficient for the Chicago Police Department to identify Officer Kaupert as the intended defendant.

The Court concludes that Plaintiff's error was a misnomer that, under applicable Illinois law, permits amendment at any time (see 745 ILCS 5/2-401(b)). Accordingly, the Court does not reach Plaintiff's alternative argument that the error constitutes a "mistake" under Rule 15(c).

### III. Conclusion

For the reasons stated above, the Court grants Defendant's motion to dismiss [21] Plaintiff's first amended complaint as to the claims asserted against Officer Gonzalez. In addition, the Court grants Plaintiff's motion for leave to file a second amended complaint [24] substituting Sergeant Kaupert for Sergeant Crawford. Plaintiff shall have 14 days from the date of this order to file the amended complaint.

Dated: July 7, 2011

_____
Robert M. Dow, Jr.
United States District Judge