# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5011 | **DATE** | 8/15/2011 |
| **CASE TITLE** | Lally vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

Defendant Gonzalez's motion to dismiss [45] the claims asserted against her in Plaintiff's second amended complaint is granted. However, Defendant's request for costs is respectfully denied. Notice of motion date of 8/11/2011 is stricken and no appearances are necessary on that date. The next status hearing in this case remains set for 9/8/2011 at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Before the Court is Defendant Gonzalez's motion to dismiss [45] the claims asserted against her in Plaintiff's second amended complaint. By way of background, this Court previously issued a memorandum opinion and order [39] in which it, *inter alia*, dismissed Plaintiff's claims against Defendant Gonzalez as time-barred. The next day, Plaintiff filed (with leave of court) a second amended complaint [40]. In that complaint, Plaintiff included Defendant Gonzalez as a named Defendant despite the prior dismissal of the claims against her. In Plaintiff's response [49] to Defendant's renewed motion to dismiss, Plaintiff explains that she did not "intend to try to re-insert Officer Gonzalez into the case from which [s]he had just been dismissed," but apparently felt compelled to replead the allegations against Officer Gonzalez because "[u]nder Illinois law the failure to include a dismissed party or claim in a subsequently amended complaint would serve as an abandonment of that claim or party and would waive any future appeal of the dismissal." Pl. Resp. [49] at 1-2 & n.1 (citing *Foxcroft Townhome Owners Association v. Hoffman Rosner Corp.*, 96 Ill.2d 150, 155 (1983)).

The problem with Plaintiff's position is that it misapprehends the controlling, federal law that applies in this case. Judge Grady addressed this precise scenario in *Gavin v. AT&T Corp.*, 2003 WL 22849128, at *4 (N.D. Ill. Dec. 1, 2003), a case in which the plaintiff – like Plaintiff here – noted

that she re-alleged previously dismissed claims in her amended complaint "only to 'preserve' them for appellate review," citing "the so-called '*Foxcroft* rule,' under which, [the plaintiff] maintains, failure to re-allege dismissed claims in an amended complaint effectively waives any objection to the dismissal of those claims on appellate review." As Judge Grady explained, that "position is misguided," because "[w]hatever the requirements of the *Foxcroft* rule may be, it is a creature of state law, and thus has no place under the federal pleading standards which govern this case." Instead, under controlling Seventh Circuit law, "a litigant need not replead dismissed claims to preserve them for appeal." *Id.* As the Seventh Circuit put it, under federal law, "[i]t is not waiver–it is prudence and economy–for parties not to reassert a position that the trial judge has rejected. Had the plaintiffs repleaded their [dismissed claim], the judge would have dismissed the charge, not only with prejudice, but with

|     |
| --- |
| **STATEMENT** |

annoyance." *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 683 (7th Cir. 1990); see also *Serritella v. Markum*, 119 F.3d 506, 512 n.6 (7th Cir. 1997) ("[Plaintiff's counsel's] concern that he was required to replead the dismissed claim lest he be found to have waived the issue on appeal has no foundation in the law of this Circuit (or any other of which we are aware)"); *Smith v. Nat'l Health Care Services of Peoria*, 934 F.2d 95, 98 (7th Cir. 1991) ("This court in *Bastian* stated that dismissed claims need not be included in an amended complaint, because the final judgment brings up all previous rulings in the case"). Although Plaintiff clearly misunderstood the applicable law, Defendant's motion to dismiss in all likelihood would have been unnecessary had Defendant instead filed a motion for extension of time to answer or otherwise plead to allow for a conversation with Plaintiff's counsel when he returned from his vacation.

*[signature]*